UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN TOMINUS,

        Plaintiff,

v.

                                        CASE No. 8:07-CV-2108-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

_____

O R D E R

        The plaintiff in this case seeks judicial review of the denial of his claim for supplemental security income payments.[1] Because the law judge failed in his duty to develop the record fully, the decision of the Commissioner of Social Security will be reversed and the matter remanded for further consideration.

I.

        The plaintiff, who was thirty-eight years old at the time of the administrative hearing and who has a seventh grade education (Tr. 440), has

_____

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

worked minimally as a telemarketer (Tr. 149).   He filed a claim for
supplemental security income payments, alleging that he became disabled due
to a mental disorder, liver problems, and seizures, adding that he hears voices
(Tr. 99).  The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received, in two phases, a <u>de
novo</u> hearing before an administrative law judge.  The law judge found that
the plaintiff has severe impairments of heart attacks, coronary artery disease,
hypertension, asthma, hepatitis C, epilepsy, affective disorder, anxiety
disorder, personality disorder, seizure disorder with headaches, and audible
voices (Tr. 29).  In light of these impairments, the law judge concluded as
follows (<u>id</u>.):

> The claimant has the residual functional capacity to
> do light exertional level work with occasional
> limitations upon reaching with his right upper
> extremities, climbing ramps, stairs, ladders, ropes,
> scaffolds, balancing, stooping, kneeling, crouching
> or crawling and he can do no work requiring
> frequent interaction with the public, around
> respiratory irritants, at unprotected heights or
> around hazardous machinery.

The law judge determined that these limitations prevented the plaintiff from
performing past work (<u>id</u>.).   However, based upon the testimony of a

vocational expert, the law judge found that jobs exist in significant numbers in the national economy that the plaintiff could perform, such as produce inspector, panel board equipment tender, and merchandise marker (Tr. 28, 30). Accordingly, the law judge decided that the plaintiff was not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C.

405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  <u>Richardson</u> v. <u>Perales</u>, 402 U.S. 389, 401 (1971), <u>quoting</u> <u>Consolidated Edison Co.</u> v. <u>NLRB</u>, 305 U.S. 197, 229 (1938).  Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings."  <u>Adefemi</u> v. <u>Ashcroft</u>, 386 F.3d 1022, 1027 (11th Cir. 2004) (<u>en</u> <u>banc</u>), <u>cert.</u> <u>denied</u>, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses.  <u>Grant</u> v. <u>Richardson</u>, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence.  <u>Celebrezze</u> v. <u>O'Brient</u>, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence,

-4-

but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff told the law judge that he had been receiving supplemental security income payments, but that the benefits were terminated because he was sent to prison (Tr. 443). A letter from an attorney representing the plaintiff stated in this respect that he was incarcerated in July 2002 and was released in May 2003 (Tr. 369). The plaintiff thereafter filed his present application for supplemental security income payments (Tr. 92). As indicated, that application was denied administratively.

The plaintiff asserts that the termination of benefits was improper. Benefits are suspended for any month when a claimant is in a public institution, such as a prison or jail. 42 U.S.C. 1382(e)(1)(A); 20 C.F.R. 416.211(a). Moreover, if benefits are suspended for twelve consecutive months, they are terminated. 20 C.F.R. 416.1335. The plaintiff argues that

he was only incarcerated from July 2002 until May 2003, so that his benefits should not have been terminated based upon a twelve-month suspension.

The Commissioner responds that the plaintiff cannot challenge the termination through his new application.   He points out that the termination constituted an initial determination.   20 C.F.R. 416.1402(b). Consequently, the plaintiff was required to seek reconsideration of that determination and thereafter exhaust his administrative remedies.  He failed to do that.  As a result, the initial determination to terminate benefits became binding on the plaintiff.  20 C.F.R. 416.1405.[2]

The plaintiff, however, makes a further argument based upon the prior award of benefits and that argument is persuasive.   The plaintiff contends that, in light of his statement to the law judge that he had previously been awarded benefits, the law judge had a duty to obtain the prior claims file and consider it.

Whether or not the claimant is represented by counsel, the law judge "has a duty to develop a full and fair record."  Brown v. Shalala, 44

---

[2]For similar reasons, the plaintiff's contention that the seven-step sequential analysis employed with respect to termination of benefits should have been applied is meritless. Because the plaintiff did not seek reconsideration of the termination, he had to file a new application.  On that application, the standard five-step sequential analysis applies.

F.3d 931, 935-36 (11th Cir. 1995). However, a violation of this duty does not require a remand unless "the record reveals evidentiary gaps which result in unfairness or clear prejudice." Id. at 935.

Notably, the regulations provide, under a heading of "Our responsibility," that "[b]efore we make a determination that you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you file your application unless there is a reason to believe that development of an earlier period is necessary...." 20 C.F.R. 416.912(d). In this case, there plainly was a reason to believe that development of the evidence from the period when the plaintiff was awarded benefits was warranted.

The plaintiff told two different consulting psychologists that he has suffered from mental illness for most of his life (Tr. 195, 352), claiming "over thirty" psychiatric hospitalizations (Tr. 195). Although the plaintiff is a questionable historian, these allegations, coupled with the award of benefits, provide a strong reason why the prior claims file should have been obtained. As the plaintiff persuasively argued (Doc. 22, p. 10):

> This claims file would have afforded the ALJ with
> a longitudinal history of claimant's physical and

mental problems. Clearly there were earlier medical records and consultative exams along with the basis upon which claimant had been awarded benefits in that file which would have been useful to the ALJ, the VE and the consultative examiners. The earlier medical records, particularly of claimant's mental impairments and the basis upon which claimant had been awarded Social Security Benefits were critical information for the ALJ to have in order to fairly evaluate the severity of claimant's condition. These records were also important so that the examining and nonexamining consultative doctors could have adequately evaluated claimant's mental condition. Because Plaintiff was essentially basing his disability claim on the very same conditions he had previously been approved on[,] his prior claims file was essential for the claimant to have a fair hearing and for the ALJ to have a better overall picture of Plaintiff's longitudinal medical history.

The Commissioner's response to this argument is simply that the information is not relevant because it pertains to a period prior to the date of the new application (Doc. 25, pp. 5-6). That response is unconvincing. The plaintiff alleges a virtual lifetime of mental illness that seemingly has been the basis for an award of benefits, and there is no indication that the plaintiff's condition has changed. Under these circumstances, the prior evidence is plainly relevant since it would permit, as the plaintiff argues, a longitudinal

evaluation. See Brennan v. Astrue, 501 F.Supp.2d 1303 (D. Kan. 2007) (Doc. 22, ex. B).

Moreover, in the absence of the prior file, there is a gap in the record. At the supplemental hearing, the law judge indicated that the record was sparse and said that there was nothing from before the onset date (Tr. 453). Although the law judge sought to remedy that problem by sending the plaintiff for a post-hearing psychological evaluation, that one-time examination still left the gap of the plaintiff's longitudinal mental history.

It is noted that the record does contain some evidence from before the 2003 application. Thus, there is a record of a hospital admittance on October 21, 1997, due to suicidal ideation (see Tr. 297, 312), and some mental health treatment records from April 1992 to June 1994 (Tr. 321-45). These records appear to have been submitted about a year after the final hearing (see Tr. 297). There is no indication that the law judge was even aware of those submissions since he did not mention them in his decision. In all events, the records do not suffice to fill the gap in the plaintiff's longitudinal mental history. Accordingly, a remand is necessary.

It is, therefore, upon consideration,

ORDERED:

That the decision of the Commissioner is hereby REVERSED and the matter is REMANDED for further consideration.  The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this ___6___ day of January, 2009.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE